# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case Nos. 14 C 4679 |
| | ) | and 04 CR 202 |
| FRANCIS BELL | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Francis Bell pled guilty to a charge of possessing in excess of 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. § 841. The Court sentenced Bell to 300 months in prison (twenty-five years) and a term of supervised release of eight years.

Bell has moved to vacate his sentence pursuant to 28 U.S.C. § 2255. He has also moved to correct what he contends are clerical errors in the judgment and the PSR pursuant to Federal Rule of Criminal Procedure 36. For the reasons stated below, the Court grants Bell's Rule 36 motion in part but denies his section 2255 motion.

## Facts

On January 11, 2005, a grand jury returned a two-count superseding indictment against Bell charging him with possession of more than 500 grams of cocaine with intent to distribute and possession of more than five grams of cocaine base with intent to distribute. On May 12, 2004, while the case was proceeding on the original indictment in the case, the government filed an information describing two of Bell's previous state court convictions pursuant to 21 U.S.C. § 851(a). The convictions were

for unlawful possession of cannabis with intent to deliver in violation of 720 ILCS 550/5(d) and possession of a controlled substance in violation of 720 ILCS 570/402. Pursuant to 21 U.S.C. §§ 841(b)(1)(b) and 851(a), this increased the mandatory minimum sentence to ten years and the maximum sentence to life imprisonment.

On May 18, 2005, Bell entered a conditional guilty plea to count one (possession of cocaine with intent to distribute) that reserved his right to appeal this Court's previous denial of his motion to suppress evidence. Bell had argued the evidence of drugs in his hotel room should be suppressed because FBI agents found the evidence through an improper search of his hotel room's safe. After his guilty plea, on June 9, 2005, Bell filed an objection to the proposed section 851(a) enhancement based on the government's failure to charge the basis for the enhancement in the original or superseding indictment.

On October 28, 2005, the Court sentenced Bell to 300 months (twenty-five years) in prison, to be followed by eight years of supervised release. Bell filed a notice of appeal. On August 31, 2007, the Seventh Circuit affirmed this Court's denial of Bell's motion to suppress evidence. *United States v. Bell*, 500 F.3d 609, 610 (7th Cir. 2007).

On June 19, 2014, Bell filed a *pro se* motion under 28 U.S.C. § 2255, asking the court to vacate his sentence, and a *pro se* motion to correct alleged clerical errors in the judgment and the presentence report pursuant to Federal Rule of Criminal Procedure 36. On July 21, 2014, Bell amended his section 2255 motion to include a claim based on *Descamps v. United States*, 133 S. Ct. 2276 (2013).

## Discussion

**1.    Section 2255 motion**

Bell's section 2255 motion asserts three bases for relief.  First, he contends that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), applies retroactively to his case.  In *Alleyne*, the Supreme Court held that "[a]ny fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 2155.  Bell argues that the Court lacked authority to enhance his sentence because the government failed to charge the section 851(a) statutory enhancement as an element in the original or superseding indictment.  Second, Bell argues the Court violated his Sixth Amendment right to a jury when it increased his mandatory minimum sentence based on a finding by a preponderance of evidence, rather than by proof beyond a reasonable doubt.  Lastly, Bell alleges that when this Court used the enhanced statutory range to calculate his sentencing guideline range, this resulted in a miscalculation of his base offense level under the Sentencing Guidelines.

In his amended section 2255 motion, Bell contends that *Descamps v. United States*, 133 S. Ct. 2276 (2013), applies retroactively to his case.  He argues that the Court ran afoul of *Descamps* when it used his state court conviction for residential burglary to categorize him as a career offender under Sentencing Guideline § 4B1.1.

Finally, Bell contends his legal counsel's failure to challenge the nature as well as the non-grouping of prior state court convictions constituted ineffective assistance of counsel.

To obtain relief under section 2255, Bell must show that the Court sentenced him "in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

The government argues that Bell's motion is time-barred. Section 2255 has a one-year period of limitations that runs from the latest of the following four dates: the date on which the conviction became final; the date of the removal of an unconstitutional government-created impediment to making a motion; "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or "the date on which facts supporting the claim could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)–(4).

Bell's conviction became final when the Seventh Circuit affirmed this Court's denial of Bell's motion to suppress evidence on August 31, 2007. If that is the correct starting date for the limitations period, Bell's time to file a section 2255 motion expired one year later, on August 31, 2008, and his current motion, which he did not file until June 2014, is time-barred.

Bell does not argue that the limitations period should be tolled due to a government-created impediment to filing his motion, nor does he identify any facts supporting his claims that could not be discovered with due diligence more than one year before his filing date. Rather, Bell contends his motion is timely under

4

section 2255(f)(3) because his claims—at least some of them—rely on *Alleyne* and *Descamps*, which he contends apply retroactively on collateral review. The Court disagrees. The Seventh Circuit has held that *Alleyne* does not apply retroactively. *See Crayton v. United States*, --- F.3d ---, 2015 WL 3895767, at *1 (7th Cir. June 25, 2015). In addition, neither the Supreme Court nor the Seventh Circuit has held that *Descamps* applies retroactively. *See, e.g., Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."). Thus, because there is no basis for a start date for the limitations period later than August 31, 2007, Bell's section 2255 motion, which he filed in June 2014, is time-barred.

Bell's claims under *Alleyne* and *Descamps* would lack merit even if those cases applied retroactively. *Alleyne* does not govern Bell's case because the section 851(a) statutory enhancement is a penalty provision; it does not define a separate crime. In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that the government does not need to charge a penalty provision for a former conviction in an indictment. *Id.* at 226-27. In *Alleyne*, the Supreme Court stated that it was not overturning *Almendarez-Torres*. *Alleyne*, 133 S. Ct. at 1260 n.1. The Seventh Circuit has recently reaffirmed that *Almendarez-Torres* remains good law. *See Goodwin v. United States*, 600 F. App'x 483, 484 (7th Cir. 2015).

*Descamps* concerns how courts are to approach the question of whether a defendant's prior conviction is for a "violent felony" as that term is used in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Bell does not explain how *Descamps* applies other than to say that he challenges the Court's use of his residential burglary

conviction in categorizing him as a "career offender" under U.S.S.G. § 4B1.1. But assuming that is so, "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief" when the defendant was sentenced after *United States v. Booker*, 543 U.S. 220 (2005). *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013). The Court sentenced Bell on October 28, 2005, about ten months after *Booker*. Thus even if *Descamps* applies to Bell's case in a way that indicates the Court miscalculated the guidelines sentencing range, the error is not cognizable under section 2255.

Bell's last claim in his section 2255 motion is a claim of ineffective assistance of counsel. In this claim, Bell focuses on his lawyer's failure to make certain objections to the presentence report (PSR). Bell's ineffective assistance claim is time-barred just as his other section 2255 claims are. Indeed, this claim would be time-barred even if *Alleyne* and *Descamps* applied retroactively, because the claim is unrelated to those cases, and thus his ability to assert the claim was not affected by the Supreme Court's recognition of the points of law addressed in those cases. Thus the Court need not address the merits of Bell's ineffective assistance claim.

## 2. Motion to correct clerical errors

Bell also has moved pursuant to Federal Rule of Criminal Procedure 36 to correct what he contends are clerical errors in the judgment and the PSR. Rule 36 states that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

Bell alleges the following errors:

- The sentencing judgment and the PSR incorrectly describe the offense of conviction.

- The PSR "incorrectly insinuates that [Bell] was adjudicated guilty on both counts … of the indictment." Mot. to Correct Clerical Error at 2.

- Revisions reflecting the Court's findings about certain Sentencing Guidelines factors were not appended to the PSR.

- The PSR improperly assigns criminal history points to prior convictions that should not have been awarded points because they should have been grouped under the Sentencing Guidelines' grouping rules.

Bell pled guilty to Count 1 of the superseding indictment, a charge of possession of a controlled substance with intent to distribute. See Case No. 04 CR 202, dkt. nos. 39 (superseding indictment), 55 (plea declaration), 54 (order summarizing plea hearing). As Bell notes, however, the judgment inaccurately describes the offense of conviction as "conspiracy to possess with intent to distribute a controlled substance." This is a clerical error that is appropriately corrected. A discrepancy in the written judgment is a clerical error under Rule 36 and is correctable at any time. See United States v. Anobah, 734 F.3d 733, 739 (7th Cir. 2013) (judgment's mistake in description of offense of conviction may be corrected under Rule 36). The same error appears in the PSR, which is a "part of the record" subject to correction under Rule 36. See, e.g., United States v. Mackay, 747 F.3d 195, 198-200 (5th Cir. 2014). With regard to the PSR's error, the Court adopts the government's suggestion and will order a copy of this decision to be sent to the appropriate personnel in the U.S. Bureau of Prisons along with the amended judgment.

The remainder of Bell's alleged errors likewise concern the PSR. The fourth point identified by Bell, concerning the PSR's treatment of certain of his prior convictions, is not subject to correction under Rule 36 because it is claimed to be a mistake of reasoning, not a clerical error. *See United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006). Bell's second point, the proposition that the PSR incorrectly suggests that he pled guilty to both counts of the superseding indictment, is simply incorrect; the Court sees no such insinuation. And his third point, the probation office's claimed failure to append PSR corrections to the report, is likewise wrong; the probation office unquestionably prepared and submitted a statement of corrections. The Court therefore overrules Bell's other requests for correction under Rule 36.

## Conclusion

Defendant's motion to amend his section 2255 motion is granted [dkt. no. 4]. For the reasons stated above, the Court denies Bell's motion under 28 U.S.C. § 2255 (as amended) and directs the Clerk to enter judgment denying that motion. The Court declines to issue a certificate of appealability, because the conclusion that Bell's motion is time-barred is not fairly debatable. The Court grants Bell's motion to correct clerical error in part and denies it in part [dkt. no. 3]. The Court will enter an amended judgment correcting the description of the offense of conviction, to make it clear that Bell was convicted of possession of a controlled substance with intent to distribute, not conspiracy to possess a controlled substance with intent to distribute. Bell's motion is otherwise denied. Bell's motion to extend time is denied as moot [dkt. no. 10].

Date: August 17, 2015

_____
MATTHEW F. KENNELLY
United States District Judge